IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Eric Ford, #280942, ) <br> ) <br>       Petitioner, ) <br> ) <br> vs. ) <br> ) <br> State of South Carolina; Henry ) <br> McMaster, Attorney General of the ) <br> State of South Carolina; and Warden, ) <br> Broad River Correctional Institution, ) <br> ) <br>       Respondents. ) <br> ) | Civil Action No. 6:06-2401-MBS-WMC <br><br> **REPORT OF MAGISTRATE JUDGE** |

    The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

    The record reveals that the petitioner is currently confined in the Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Anderson County. The petitioner was indicted at the May 1, 2001, term of the grand jury for Anderson County for murder, (01-GS-04-1230); strong armed robbery (01-GS-04-1231); criminal sexual conduct (CSC), first degree (01-GS-04-1232); and kidnaping (01-GS-04-1233). The petitioner was represented at the trial level by attorney Robert A. Gamble.

On January 4, 2002, the petitioner appeared before the Honorable J. C. Nicholson, Jr., and pleaded guilty as charged. Judge Nicholson accepted the negotiated sentencing recommendation and sentenced the petitioner to confinement for life without parole for murder; 15 years consecutive for strong armed robbery; 30 years consecutive for CSC, first; and 30 years consecutive for kidnaping. The petitioner did not appeal his convictions or sentences.

The petitioner then filed a *pro se* application for post-conviction relief ("APCR") on July 22, 2002 (02-CP-04-2124). The State filed a return on March 2, 2004. In his APCR, the petitioner raised the following allegations:

>   1.  Ineffective assistance of counsel.
>
>       A. Trial counsel erroneously advised Applicant on facts of case, and failed to convey such to Courts.
>
>   2.  Erroneous information from Counsel.
>
>       A. The trial counsel erroneously advised the Applicant to coerce Applicant to take plea bargain and plead guilty. But for the trial counsel's erroneous advice and coercion Applicant would have continued to trial.

An evidentiary hearing was held before the Honorable Alexander S. Macaulay on October 26, 2004. The petitioner was present and represented by attorney Kurt Gibson. The State was represented by Christopher Newton, Assistant Attorney General. The petitioner testified in his own behalf and also presented the testimony of trial counsel Gamble. On November 15, 2004, Judge Macaulay issued a written order denying and dismissing the application with prejudice. On February 11, 2005, Judge Macaulay issued another order denying the petitioner's "motion for a new trial, motion to amend judgment and motion to reconsider."

A timely notice of appeal was filed with the state supreme court from the order of dismissal in the PCR action. On November 5, 2005, Joseph L. Savitz, III, Chief Attorney

of the South Carolina Office of Appellate Defense, filed a *Johnson* petition for writ of certiorari in which he raised the following issues on behalf of the petitioner:

> 1. The judge erred in sentencing Ford to a consecutive term of imprisonment for kidnapping in addition to the sentence for murder.
>
> 2. The guilty plea judge erred by advising Ford that he could appeal his guilty plea, because guilty pleas in South Carolina are unconditional, so the judge's advice rendered Ford's plea invalid.

In addition, the petitioner filed a *pro se* "45 Day Pro Se Brief of Petitioner," presenting the following issues:

> 1. Did the Plea Court lack subject matter jurisdiction to enter a conviction or impose a sentence upon indictment 2001-GS-04-1227 for murder in this case?
>
> 2. Was there a violation of the State Statutes in the sentencing phase of the plea?
>
> 3. Was the sentencing in this case constitutionally inappropriate?
>
> 4. Was defense counsel ineffective in his failure to obtain an independent psychological evaluation prior to advising petitioner to enter into a guilty plea to a life sentence?
>
> 5. Was counsel ineffective in this case?

The South Carolina Court of Appeals issued an order dated July 10, 2006 in which it granted the petition and vacated the kidnaping sentence insofar as the trial court erred in imposing a 30-year sentence for kidnaping in addition to the sentence for murder. The court further denied the petition as to all other issues and granted counsel's request to withdraw. The matter was remitted on July 28, 2006.

In his *pro se* petition now before this court, the petitioner raises the following allegations (verbatim):

> **Ground One**: Did the Plea Court lack subject matter jurisdiction to enter a conviction or impose a sentence upon indictment 2001-GS-04-1227 for murder in this case?
>
> **Ground Two:** Was there a violation of the State Statutes in the sentencing phase of the plea?
>
> **Ground Three:** Was the sentencing in this case constitutionally inappropriate?
>
> **Ground Four**: Was defense counsel ineffective in his failure to obtain an independent psychological evaluation prior to advising petitioner to enter into a guilty plea to a life sentence?
>
> **Ground Five:** Was counsel ineffective in this case?"

On November 15, 2006, the respondents filed a motion for summary judgment. By order filed November 16, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on December 21, 2006.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

## ANALYSIS

In ground one, the petitioner alleges that the trial court lacked subject matter jurisdiction because the indictment does not sufficiently state the time and place of death. As argued by the respondents, the petitioner's assertion raises an issue of state constitutional and jurisdictional law and does not implicate any federal constitutional claims. Therefore, it is not cognizable in a federal habeas case. *Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976) ("Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"). Thus, this allegation fails to state a claim upon which federal habeas relief may be granted. *See* 28 U.S.C. § 2254(a) (habeas corpus relief is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.").

In ground two, the petitioner alleges the kidnapping sentence is invalid. The state court of appeals vacated the kidnapping sentence in its order of July 10, 1996. Because the petitioner has received the relief he seeks as to this claim, the issue is moot.

In ground three, the petitioner appears to allege that a "life without parole" sentence constitutes cruel and unusual punishment. This allegation is without merit. First, federal courts have consistently held that a life without parole sentence does not constitute cruel and unusual punishment. *See, e.g., United States v. D'Anjou*, 16 F.3d 604, 613-14

(4th Cir. 1994) ("Since a mitigating factors analysis is not required to avoid an Eighth Amendment violation, this necessarily means that the imposition of life without parole is not cruel and unusual.") (citing *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991)).

Also, the judge allowed the petitioner to argue for a sentence of less than 30 years (app. 24-30). However, it is readily apparent that the State's agreement to take the death penalty off the table was the sole impetus for the petitioner's plea of guilty. In essence, the petitioner now argues the sentence he specifically pleaded guilty to receive is cruel and unusual punishment. At the plea, the petitioner indicated that although he wanted a sentence less than life, he understood the recommended sentence of life without parole and that the judge could accept the recommendation at his discretion (app. 4-5). This issue is without merit.

The petitioner asserts in ground four that trial counsel was ineffective for not obtaining an independent psychological evaluation prior to the plea. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689. With respect to guilty plea counsel, a petitioner must show that there is a reasonable probability that, but for counsel's

alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The petitioner testified at the PCR hearing that he asked counsel for an independent psychological examination numerous times, but was examined only by the state. Also, the petitioner maintained that the state examination was unsatisfactory. Further, he opined an independent examination could have shown that because of addictions to ecstasy, cocaine and alcohol, his brain was not on a "thinkable wave" (app. 95-98). However at the plea hearing, the petitioner agreed with the state examination findings that he was capable of understanding the nature of his charges, assisting counsel in his own defense, differentiating between right and wrong at the time of the offense, and conforming his conduct to the requirements of the law (app. 11). Additionally, the petitioner indicated he knew of no physical, emotional, nervous, alcohol, medication, or drug problem that prevented him from understanding at the plea hearing (app. 14).

At the guilty plea, counsel noted he had a degree in psychology and through his observations he agreed with the examination finding (app. 13). Counsel stated at the PCR hearing that he never considered a plea based on insanity or incapacity (app. 107-108).

The respondents first argue that the petitioner's allegation is inconsistent with his sworn responses at the time of his guilty plea that he was satisfied with counsel's representation and did not have any complaints concerning that representation and his denial that he was under the influence of medication, drugs or alcohol. Further, the record supports a finding that counsel was not deficient. Further, even if his counsel was deficient, the petitioner cannot meet his burden of showing prejudice. *See Strickland*, 466 U.S. at 687 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

prejudice, ... that course should be followed"). In particular, he did not introduce any evidence as to what psychiatric problem he may have been experiencing or how that problem may have impacted upon his competency at the time of the crime or to enter a plea. *See Godinez v. Moran*, 509 U.S. 389, 397-400 (1993) (The defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him"); *see also Sims v. State*, 438 S.E.2d 253, 254-55 (S.C. 1993) (same) or his criminal responsibility.

South Carolina law permits a plea of guilty but mentally ill ("GBMI"), provided the defendant is competent to make a knowing, voluntary, and intelligent plea. S.C.Code § 17-24-20(A) (Supp.2006) (a defendant is GBMI "if, at the time of the commission of the act constituting the offense, he had the capacity to distinguish right from wrong or to recognize his act as being wrong ... but because of mental disease or defect he lacked sufficient capacity to conform his conduct to the requirements of the law." Thus, the petitioner could not prevail in state court unless he presented evidence of incompetency to stand trial or insanity, and he did not present any evidence on these issues. This claim is without merit.

Finally, the petitioner alleges as a general "catch all" claim that counsel was ineffective. In denying the petitioner's application, the PCR judge found that plea counsel's testimony on the issues before him to be credible, and did not find the petitioner's "testimony to be credible on the issues in this case." The PCR judge concluded that the petitioner was aware of the recommendation from the State and voluntarily pleaded guilty so that the State would not seek the death penalty.

The respondents argue that state courts' decision was not "contrary to" and did not involve "an unreasonable application of" clearly established Federal law, as determined by the United States Supreme Court, because the petitioner failed to meet his

burden of proof under *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This court agrees. The petitioner admitted his guilt at the plea; he admitted his satisfaction with counsel's representation; he stated that he understood the State's recommendation as to sentence; and he expressly denied that there was any other recommendation or inducement for his plea, other than what had been disclosed to the trial court. He likewise indicated that he understood the trial court was not bound by the sentencing recommendation, and that he could receive the maximum for each offense (app. 5-22). Statements made during a guilty plea should be considered conclusive unless a criminal inmate presents reasons why he should be allowed to depart from the truth of his statements. *Edmonds v. Lewis*, 546 F.2d 566, 567-68 (4th Cir. 1976). As the petitioner has failed to meet his burden of proof, this claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

March 21, 2007

Greenville, South Carolina