IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| William Eric Ford, #280942, | ) | |
| | ) | C/A No. 6:06-CV-2401-MBS-WMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND** |
| | ) | **O R D E R** |
| State of South Carolina; Henry | ) | |
| McMaster, Attorney General of the | ) | |
| State of South Carolina; and Warden, | ) | |
| Broad River Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner William Eric Ford is an inmate in the custody of the South Carolina Department of Corrections. He is housed in the Broad River Correctional Institution pursuant to commitment orders from the Anderson County Clerk of Court. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully because (1) the Plea Court lacked subject matter jurisdiction to enter a conviction or impose a sentence upon indictment 2001-GS-04-1227 for murder in his case (Ground One); (2) South Carolina State Statutes were violated in the sentencing phase of the plea (Ground Two); (3) the sentence issued in this case constituted cruel and unusual punishment in violation of the Eighth Amendment (Ground Three); (4) Petitioner was denied effective assistance of counsel when his plea counsel failed to obtain an independent psychological evaluation prior to advising Petitioner to enter a guilty plea to a life sentence (Ground Four); and (5) Petitioner's plea counsel was ineffective in various other respects (Ground Five).

This matter is before the court on Respondents' motion for summary judgment filed on November 15, 2006. By order filed November 16, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible

consequences if he failed to respond adequately. On December 21, 2006, Petitioner filed a response to Respondents' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge issued a Report of Magistrate Judge on March 21, 2007, in which he found the allegations of ground one were not cognizable on federal habeas review because the allegations do not implicate a federal constitutional question; that ground two was moot; that ground three was without merit because a sentence of life without parole does not constitute cruel and unusual punishment; that ground four was without merit because the record supported a finding that plea counsel was not deficient and even if plea counsel was deficient, that Petitioner did not meet his burden of showing prejudice; and that ground five fails because Petitioner did not meet his burden of proof. Accordingly, the Magistrate Judge recommended that Respondents' motion for summary judgment be granted.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

On April 4, 2007, Petitioner filed his objection to the Report of Magistrate Judge. Petitioner's objections merely reiterate, nearly verbatim, the arguments made in his response to the Respondents' motion for summary judgment. Petitioner did not provide specific objections to the Report of Magistrate Judge. Nevertheless, the court has reviewed the record thoroughly. The court adopts the Report of Magistrate Judge and incorporates it by reference. Accordingly, Respondents' motion for summary judgment (Entry 6) is **granted**, and the petition dismissed.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 23, 2007.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3